and others. Good morning, Your Honor. May it please the Court, this is Aaron Schweitzer for the appellant, Mr. G. Good morning, Your Honor. This is Shanju Fenghan, Associate Counsel for the defendant, Jenny We'll hear from the appellant first. All right. Thank you, Your Honor. So briefly, this is a case arising under the Fair Labor Standards Act, which went through discovery where Plaintiff G was, Appellant G, was deposed by video in Hong Kong. It proceeded to trial. During trial, Mr. G was unable to come to the United States because he had overstayed his immigration visa. He was given leave to a cure by video from Taiwan. He attempted to travel to Taiwan. He was halfway there. He was on a layover in a city in mainland China where he was stopped by the Chinese authorities and told to return to his place of residence in Tianjin, which is in northern China near Beijing. That was, I believe, the day before he was scheduled to testify in the trial in this matter. Excuse me. Before you proceed, could you please address the jurisdictional question that we asked you to provide further briefing on? Why is this a final order? The order that you appeal strikes a video testimony and imposes sanctions, but I'm not aware of there being a final appealable order in this case. Could you explain? Yes. Under Senate 42nd Street Theater Corp., a preclusion of a witness's testimony on his own behalf can be tantamount to dismissal, which is a final order. It is tantamount to essential to proving his claims. There is no other testimony or evidence that can be adduced in this case that would prove his claims. Is there a ruling that says he can't testify in person? He can't testify in person because he is precluded from traveling to the United States for about 10 years. He overstayed his immigration visa. But that is not a preclusion that was done by the trial judge. He is precluded from giving further testimony in this case. He, as a separate matter, is also precluded from... He's only precluded to do it by video. Yes. He could submit a juxtaposition transcript instead of live testimony. Yes, Your Honor. That is actually an issue that we had brought before the trial judge. There is a deposition transcript that could have been introduced, but the trial judge denied introduction of that deposition transcript. We would be happy if this court would order the introduction of the deposition transcript as in lieu of this trial testimony. But counsel, if we don't have jurisdiction, we're not about to order anything. And you have to explain to us why this interlocutory order is an exception to the final judgment rule, and you still have not done that. Because the judge has precluded further video testimony. The judge has denied entry of the And there is no alternative... Let me ask... ...to introducing his testimony. What lies between you and a final judgment in the district court? What is the status in the district court right now? You've said that this is tantamount to dismissal, that you have basically no case without the testimony we've been talking about. And therefore, is there a motion to dismiss the case pending or a motion for judgment? What is the status in the district court? This case is in the middle of trial. Trial was stayed pending the resolution of this appeal. And who... So you have witnesses to put on? The two witnesses that we had are the two plaintiffs in this case, one of whom obviously has been precluded. That is the reason for this appeal. The other of whom is another employee whose employment overlapped only briefly with Mr. G's. If you're saying that this ruling is tantamount to dismissal, you could perhaps get better results by obtaining a final judgment and then appealing that judgment. Because is there any reason you can cite to us that such a judgment wouldn't be appealable and you'd be able to raise all the grounds that you're raising now? That as Judge Pooler was pointing out, you have to persuade us that this is a matter that wouldn't be reviewable on final judgment in order to obtain review of what is otherwise an interlocutory order. Your Honor, this would be reviewable on final judgment. However, it would also be extremely inefficient to do so. All you're saying is that interlocutory appeals are efficient. And there's no doubt about that, but that doesn't give us jurisdiction over them. Hello? Hello? So, what gives this court jurisdiction is a final order is what gives us jurisdiction. And you don't have a final order to present to us, which means we don't have jurisdiction. We can't order anything else, but we are advising you that a final order is what you need to pursue this case in our court. Your Honor, preclusion of this testimony means that a final order will, excuse me, that when judgment is entered, it will necessarily be against Mr. G. There is no doubt about this. All that's going to happen is that there will be additional, excuse me. However, if you get the final order that runs against Mr. G., you can raise the issue of the denial of the video deposition within your appeal from that final order. You cannot raise it now. That's the point we're all making. Understood. In any event, your time has expired. Let us hear from opposing counsel. You've reserved two minutes for rebuttal, Mr. Schweitzer. Yes, your Honor. This is Shan Zhu from Conland Associates. I'm the counsel for Appellant E, G, I, and C. As the court is aware, the court doesn't have jurisdiction over this appeal because this is not a exception of the interlocutory appeal. It is not an injunction. Precluding plaintiff from testifying remotely should not be considered as an injunction, really, because testifying in person is the district court just used their discretion to grant the plaintiff's leave to testify remotely. And later on, because of the plaintiff's outrageous conduct, the district court revoked or disapproved the plaintiff's ability to testify remotely. Therefore, there is no jurisdiction over this matter. And the appellee further moved the court to impose sanctions against the appellant because apparently there is no countable claim by the appellant plaintiff. That's all the statement from the defendant. Does that conclude your argument? Since the court does not have jurisdiction over the merit, let me try to... On the merit, actually, the standard of review, if the court, assuming the court takes the jurisdiction over this case, the standard of review should be abuse of discretion. However, this appears to be evidentiary ruling. Therefore, it's totally within the district court's discretion. And given the procedural history, the appellant G and their respective counsel have been given ample opportunity to produce plaintiffs for testimony. Furthermore, the plaintiff, in the early stage of this case, when they are trying to frustrate the defendant's appellant E to take the deposition, they take the position that taking the position of appellant G in China is in violation of Chinese law. Now, it appears the plaintiff's counsel is arguing such deposition will be not violating the Chinese law. Therefore, they're taking an inconsistent approach of this matter. And since they are given ample opportunity, and finally, they fail to comply with the district court's order, which ordered them to testify either in Hong Kong or in Taiwan via professional video service company. However, it appears that appellant G failed to do so, and they testified in Tianjin. Furthermore, even outrageously, the plaintiff's counsel never instructs the court nor the defendant's counsel that they're failure to comply with the court order until during the cross-examination, the defendant asks the plaintiff G, says, where you are located? And we get the defendant's counsel, Mr. Jian Hong, has submitted his credential regarding the Chinese law. He has been practicing in China for more than 10 years. Until today, the plaintiff, although challenging the Chinese law, but they never submitted any expert credential to the district court, nor to this court. Therefore... Counsel, as long as we're talking about things that were omitted, you didn't raise the issue of no final order in your briefing. Yes, Your Honor, that's correct. But we, as requested by this court, we filed a letter regarding the jurisdictional issue on March... I understand when this panel called it to your attention, then you gave us your brief, but you didn't raise it in your initial brief. That is correct, Your Honor, we didn't raise it. Very well, continue. Unless you've completed your argument. Hold on. And as the court notified, the district court's order only preclude Mr. G from testifying remotely. Mr. G is still able to testify in person. As to the plaintiff's counsel point out regarding the attempt to obtain immigration visa after he commenced this course of action. Therefore, furthermore, it was well noted by the district court that in their October 3rd, actually December 31st order, that plaintiff failed to provide evidence to support he is unavailable to testify. Therefore, our position is the district court did not abuse their discretion from exclude plaintiff G from testifying remotely. That's all the appellant E's statement. Thank you. We'll hear from Mr. Schweitzer, who reserved two minutes for rebuttal. Briefly, Your Honor, the panel noted that there were lesser sanctions available to the district court. For instance, the introduction of deposition testimony. There was also a full day's worth of both direct and cross examination taken of Mr. G. The issue of where he was located came up on the second day of his cross examination. It was available to the district court not to strike that testimony because the harm had already occurred and was not cured by the strike. As far as Mr. G making himself available, the court was aware from, I believe, 2016. No, sorry, 2017. And so were defense counsel that he was unavailable to appear in the United States. That's why he was deposed remotely and on video. And that deposition testimony could have been taken by the district court. Excuse me. And as far as making him available to testify at trial by video, he did his utmost to make himself available in Taiwan. He was literally on his way there when he was stopped by the authorities in China. This was not a circumstance within his control and was an extraordinary circumstance that he and we did our best to essentially deal with so that he could still present his trial testimony. Was there a question? Thank you. Thank you. We'll reserve this interview.